# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA STEURER, an individual,<br><br>  Plaintiff,<br>  v.<br>FEDEX CORPORATION, a Delaware Corporation; SHANNON DUNCAN, an individual; and DOES 1-10, inclusive,<br><br>  Defendants. | CASE NO. 15-cv-1659-WQH-WVG<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Remand filed by Plaintiff Regina Steurer. (ECF No. 9).

## BACKGROUND

On June 22, 2015, Regina Steurer commenced this action by filing a Complaint in the Superior Court of California, County of San Diego. (ECF No. 1-3 at 2). The Complaint asserts the following claims for relief: (1) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA") against Defendant Fedex; (2) failure to provide reasonable accommodation in violation of FEHA against Defendant Fedex; (3) failure to engage in the interactive process in violation of FEHA against Defendant Fedex; (4) failure to prevent discrimination and retaliation in violation of FEHA against Defendant Fedex; (5) wrongful termination in violation of public policy against Defendant Fedex; (6) violation of Labor Code sections 226(h) and 1198.5 against Defendant Fedex; (7) violation of Labor Code section 2698

against Defendant Fedex; (8) intentional infliction of emotional distress ("IIED") against all Defendants; and (9) defamation against all Defendants.

On July 27, 2015, Defendant Fedex removed the action to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the basis of diversity of citizenship. (ECF No. 1). The Notice of Removal asserts that Fedex Corporation, "the corporate defendant presently named by Plaintiff in this action, but which never employed Plaintiff, was incorporated in Delaware on October 2, 1997, and its headquarters and principal place of business is in Memphis, Tennessee." *Id*. at 2. The Notice of Removal states that Fedex Corporate Services, Inc, "Plaintiff's former employer and the proper Defendant in this action, was incorporated in Delaware on February 4, 2000, and its headquarters and principal place of business is in Memphis, Tennessee." *Id*. at 2. The Notice of Removal asserts that Defendant "Duncan is a sham defendant, and her citizenship should be disregarded for purposes of this removal." (ECF No. 1 at 13).

Plaintiff contends that no diversity jurisdiction exists because Defendant Duncan, a resident of California, was not fraudulently joined. (ECF No. 9). Plaintiff contends that the Complaint sufficiently pleads IIED and defamation (eighth and ninth claims for relief) against Defendant Duncan alleging that Defendant Duncan "fire[d] Ms. Steurer because of her need for cancer treatment" and "made numerous provably false statements about Ms. Steurer's job performance and her competence . . . ." (ECF No. 9 at 7). Plaintiff contends that by firing her "knowing of the terminal nature of her cancer, her desperate need for health insurance to continue her treatment, and . . . leveling false accusations about Ms. Steurer for the specific purposes of covering up the true motive for terminating her," Defendant Duncan's conduct went beyond "merely managing personnel." (ECF No. 11 at 4).

Defendants contend that Plaintiff "failed to plead facts demonstrating Duncan engaged in extreme or outrageous conduct" and that her Complaint does not "allege facts showing the purportedly defamatory statements were provably false or made with malice." (ECF No. 10 at 5). Defendants assert that Plaintiff's IIED claim against

Defendant Duncan is based solely on personnel management decisions underlying Plaintiff's FEHA claim and, therefore, cannot be the basis for an IIED claim. (ECF No. 10 at 8-9).

## DISCUSSION

Congress has authorized district courts to exercise original jurisdiction in cases in which the amount in controversy exceeds the sum or value of $75,000.00 and the parties are citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, meaning every plaintiff must be diverse from every defendant. *Id.* Pursuant to the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal jurisdiction must exist at the time the complaint is filed and at the time removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). There is a "strong presumption against removal" such that the removing party "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### I. "Fraudulent" or "Sham" Joinder

Joinder of a nondiverse defendant for the sole purpose of depriving the federal courts of jurisdiction is deemed fraudulent. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious* according to the settled rules of the state." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotation marks omitted; emphasis added). There is a "general presumption against fraudulent joinder . . . ." *See also Albi v. St. & Smith Publications,* 140 F.2d 310, 312 (9th Cir. 1944) ("In

borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court."). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

## II. Allegations of the Complaint

Plaintiff began working for Defendant Fedex as an Account Executive in San Diego, California in 2002. (Compl. ¶ 7). In January of 2009, Plaintiff was diagnosed with breast cancer. *Id*. Plaintiff's cancer treatment required her to take a legally protected leave of absence in February 2010. *Id*. "Shortly after commencing her leave of absence, which was designated as leave under the Family Medical Leave Act ("FMLA") and/or the California Family Rights Act, plaintiff received a letter from her supervisor informing her that defendant had terminated her employment." *Id*. "Plaintiff retained legal counsel who communicated with defendant that its actions in terminating plaintiff's employment while plaintiff was on a protected leave of absence, were illegal." *Id*. "Shortly thereafter, defendant rescinded its termination of plaintiff." *Id*. Plaintiff continued to work for Defendant Fedex and in late 2013, Defendant Fedex "assigned Plaintiff a new sales territory." *Id. at ¶* 8. "Prior to plaintiff's assignment to the territory, it had been vastly underperforming defendant's sales goals." *Id*. "Defendant tasked plaintiff with the difficult challenge of turning around the struggling territory." *Id*.

In January 2014, Plaintiff learned that her cancer had returned. *Id*. at ¶ 9. Plaintiff "immediately informed her supervisor, [Defendant] Shannon Duncan, of her diagnosis and kept Defendant Duncan informed regarding her treatment over the coming months." *Id*. In March of 2014, Plaintiff began an "aggressive regiment to treat the cancer, including chemotherapy." *Id*. Despite the cancer treatment "plaintiff continued to perform all of her job duties for defendant, including working diligently to turn around the struggling territory defendant assigned to plaintiff." *Id*.

In June of 2014, Plaintiff obtained FMLA paperwork from Defendant Duncan and, at her physician's suggestion, planned to take the leave of absence. *Id.* at ¶ 10. "[O]n June 27, 2014, without allowing plaintiff to take her leave of absence, Ms. Duncan informed plaintiff that defendant terminated her employment." *Id.* at ¶ 12.

At the time of and in the months prior to Plaintiff's termination, Defendant Duncan "repeatedly published and re-published statements that plaintiff's job performance was 'unacceptable' and expressly and impliedly stated that plaintiff was incompetent in her job performance." *Id.* at ¶ 13. "Defendant Duncan also characterized plaintiff's performance as 'significantly below expectations' and 'far below minimum expectations.'" *Id.* "Defendant Duncan stated that plaintiff struggled with and was overwhelmed by the demands of her position and that plaintiff struggled with execution of her job duties." *Id.* "Defendant Duncan published these statements to other employees/agents of defendants and possibly other third parties." *Id.* "These false and defamatory statements made by Duncan were asserted and understood as fact, but were false and injured plaintiff in her profession and her reputation and lead to her termination." *Id.*

### III. Eighth Cause of Action for Intentional Infliction of Emotion Distress

To state a claim for intentional infliction of emotional distress, Plaintiffs must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (citing *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991)). In order to be "outrageous," conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Garamendi v. Golden Eagle Ins. Co.*, 128 Cal. App. 4th 452, 480 (2005). Severe emotional distress "may consist of any highly unpleasant mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment or worry."

*Hailey v. California Physicians' Service*, 158 Cal. App. 4th 452, 476 (9th Cir. 2007).

The complaint alleges that: Defendant assigned Plaintiff to a new sale territory that had been vastly underperforming Defendant's sales goals (Complaint ¶ 8); Defendant tasked Plaintiff with the "difficult challenge of turning around the struggling territory" (*Id*.); Plaintiff told Defendant Duncan that her cancer had returned and kept Duncan informed of her treatments (*Id*. at ¶ 9); Defendant Duncan was aware of Plaintiff's medical needs (*Id*.); Defendant Duncan repeatedly published statements that Plaintiff's job performance was "unacceptable" and expressly and impliedly stated that Plaintiff was incompetent in her job performance (*Id*. at ¶ 13); Defendant Duncan also characterized Plaintiff's performance as "significantly below expectations" and "far below minimum expectations" (*Id*.); Defendant Duncan published these statements to other employees/agents of Defendant and possibly other third parties (*Id*.); Defendant never told Plaintiff that her job was in jeopardy (*Id*. at ¶ 12). The court does not conclude that it is "obvious" that these allegations could not state a claim under state law. *See Morris* 236 F.3d at 1067. Defendants have failed to prove by clear and convincing evidence that Plaintiff cannot allege facts that may later be found to constitute extreme and outrageous conduct. The Court concludes that it lacks subject matter jurisdiction over this case for lack of diversity.[1]

---

[1] Because the Court concludes that Defendant Duncan was not fraudulently joined based on Plaintiff's IIED claim, the Court does not address Plaintiff's defamation claim against Defendant Duncan.

1  IT IS HEREBY ORDERED that the Motion for Remand is granted. (ECF No. 9). Pursuant to 28 U.S.C. § 1447(c), this action is remanded to San Diego Country Superior Court, where it was originally filed and assigned case number 37-2015-00020906-CU-OE-CTL.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (ECF No. 6) and Plaintiff's Ex Parte Motion (ECF No. 12) are denied as moot.

DATED: October 9, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge